UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FORMULATRIX, INC.,                    )
    Plaintiff,                        )
                                      )
        v.                          )    C.A. No. 15-12725-MLW
                                      )
RIGAKU AUTOMATION, INC.,              )
    Defendant.                        )

MEMORANDUM AND ORDER

WOLF, D.J.                                          April 1, 2016

I.   INTRODUCTION

In this case, plaintiff Formulatrix, Inc. ("Formulatrix") alleges that it entered into a Customer Support Agreement (the "Agreement") with defendant Rigaku Automation, Inc. ("Rigaku"), pursuant to which it purchased "certain customer support assets" and "acquired a license to certain intellectual property" from Rigaku.  Compl. ¶11.  Formulatrix also allegedly "assumed support services for Rigaku's obligations."  Compl. ¶12.  The gravamen of Forumlatrix's Complaint is that Rigaku has failed to comply with its contractual obligations.  Specifically, Formulatrix alleges that Rigaku has failed to transfer the necessary data, ignored Forumlatrix's repeated requests for compliance, and interfered with Forumlatrix's efforts to employ key Rigaku employees.

Formulatrix alleges six causes of action: (1) breach of contract (Count I); (2) tortious interference with contractual and/or advantageous business relationship (Count II); (3) breach

of the covenant of good faith and fair dealing (Count III); (4) request for attorney's fees (Count IV); (5) unfair and deceptive conduct in violation of M.G.L. c. 93A, §11 (Count V); and guaranty (Count VI).

Rigaku filed a motion to dismiss Counts II and V. Formulatrix opposed that motion. For the reasons explained in this Memorandum, the motion to dismiss Counts II and V is meritorious. It is, therefore, being allowed.

II. THE MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard does not require "detailed factual allegations," but requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A court may disregard "bald assertions, unsupportable conclusions, and opprobrious epithets." In re Citigroup, Inc., 535 F.3d 45, 52 (1st Cir. 2008); see also Penalbert-Roia v. Fortuno-Burset, 631 F.3d 592, 595 (1st Cir. 2011). However, "[n]on-conclusory factual allegations in the complaint must then be treated as true, even if seemingly incredible." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

2

A motion to dismiss should be denied if a plaintiff has shown "a plausible entitlement to relief." Twombly, 550 U.S. at 559. That is, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.'" Id. (quoting Twombly, 550 U.S. 556). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557). "The relevant inquiry focuses on the reasonableness of the inferences of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." Ocasio-Hernandez, 640 F.3d at 13.

In considering a motion to dismiss under Rule 12(b)(6), the court must "take all factual allegations as true and . . . draw all reasonable inferences in favor of the plaintiff." Rodriguez-Ortiz v. Marao Caribe, Inc., 490 F.3d 92, 96 (1st Cir. 2007);

3

Maldonado v. Fontanes, 568 F.3d 263, 266 (1st Cir. 2009).   The
court "neither weighs the evidence nor rules on the merits because
the issue is not whether plaintiffs will ultimately prevail, but
whether they are entitled to offer evidence to support their
claims." Day v. Fallon Cmty. Health Plan, Inc., 917 F. Supp. 72,
75 (D. Mass. 1996).

       III. DISCUSSION

           1.   Count II: Tortious Interference With Contractual
       and/or Advantageous Business Relationship

       In Count II, Formulatrix alleges tortious interference with
contractual and/or advantageous business relationship.       "To
establish intentional interference with contractual or business
relations, the plaintiffs must show (1) the existence of a contract
or a business relationship which contemplated economic benefit;
(2) the defendants' knowledge of the contract or business
relationship; (3) the defendants' intentional interference with
the contract or business relationship for an improper purpose or
by improper means; and (4) damages." Swanset Development Corp. v.
City of Taunton, 423 Mass. 390, 397 (1996) (emphasis added).   An
improper purpose is one that "is wrongful . . . beyond the fact of
interference itself." United Truck Leasing Corp. v. Geltman, 406
Mass. 811, 816 (1990); see also Cavicchi v. Koski, 67 Mass. App.
Ct. 654, 657 (2006).   The improper conduct "may include ulterior
motive (e.g. wishing to do injury) or wrongful means (e.g. deceit

                            4

or economic coercion)." Cavicchi, 67 Mass. App. Ct. at 658
(quoting Schwanbeck v. Federal-Mogul Corp., 31 Mass. App. Ct. 390,
412 (1992)).

The only allegations specific to Formulatrix's tortious
interference claim are in paragraphs 31 and 45 of the Complaint.
More specifically, Formulatrix alleges that:

> 31. Contrary to Rigaku's representations and its
> obligations under the Agreement, Formulatrix has been
> informed that a Rigaku employee interfered with
> Formulatrix's attempt to hire key Rigaku employees,
> which resulted in Formulatrix being unable to enter into
> employment agreements with these key employees.

\*\*\*

> 45. As set forth above, Rigaku has, through improper
> motive and means, interfered with these advantageous
> relationships.

These allegations are insufficient to state a plausible claim for
which relief could be granted. Paragraph 31 does not allege the
required improper motive or means for the alleged interference.
Nor does it allege facts from which an improper motive or means
could reasonably be inferred. See United Truck Leasing Corp., 406
Mass. at 817; Maldonado v. Fontanes, 568 F.3d 263, 274 (1st Cir.
2009); Comeau v. Town of Webster, Mass., 881 F. Supp. 2d 177, 191
(D. Mass. 2012). Paragraph 45, which relies on paragraph 31, is
merely a "bald assertion," In re Citigroup, Inc., 535 F.3d at 52,
and a "formulaic recitation of the necessary elements," Twombly,
550 U.S. at 555, which are insufficient to state a plausible claim.

Therefore, Count III is being dismissed.

2.    Count V: M.G.L. c. 93A

In Count V, Formulatrix alleges that Rigaku engaged in unfair and deceptive practices in violation of Chapter 93A.  As explained earlier, the essence of Formulatrix's Complaint is that Rigaku violated the contract between the parties.  However, "mere breaches of contract, without more, do not violate chapter 93A." Pepsi-Cola Metro. Bottling Co. v. Checkers, Inc., 754 F.2d 10, 18 (1st Cir. 1985); Composite Co. v. Am. Int'l Grp., Inc., 988 F. Supp. 2d 61, 79 (D. Mass. 2013).  Similarly, "a good faith dispute as to whether money is owed, or performance of some kind is due [under a contract], is not the stuff of which a c. 93A claim is made." Duclersaint v. Fed. Nat. Mortgage Ass'n, 427 Mass. 809, 814 (1998); see also Jasty v. Wright Med. Tech., Inc., 528 F.3d 28, 38 (1st Cir. 2008).

In limited circumstances, a breach of contract may also violate Chapter 93A.  More specifically, "conduct in disregard of a known contractual arrangements and intended to secure benefits for the breaching party constitute an unfair act or practice[.]" Anthony's Pier Four Inc. v. HBC Associates, 411 Mass. 451, 474 (1991) (emphasis added).  As the Massachusetts Appeals Court explained, Pier Four instructs that to establish a Chapter 93A violation in a contract case, there must be:

6

> a consistent pattern of the use of a breach of contract
> as a lever to obtain advantage for the party committing
> the breach in relation to the other party; i.e., the
> breach of contract has an extortionate quality that
> gives it the rancid flavor of unfairness. In the absence
> of conduct having that quality, a failure to perform
> obligations under a written lease, even though
> deliberate and for reasons of self-interest, does not
> present an occasion for invocation of c. 93A remedies.

Atkinson v. Rosenthal, 33 Mass. App. Ct. 219, 226 (1992) (internal

citations omitted); see also Zabin v. Picciotto, 73 Mass. App. Ct.

141, 169 (2008) ("The breaching party's conduct must exceed the

level of mere self-interest, rising instead to the level of

commercial extortion or a similar degree of culpable conduct."

(internal quotations and citations omitted)); Diamond Crystal

Brands, Inc. v. Backleaf, LLC, 60 Mass. App. Ct. 502, 507 (2004)

("Courts must consider whether the nature, purpose, and effect of

the [breach] is coercive or extortionate."); Pepsi-Cola, 754 F.2d

at 18 (contract payments withheld as "wedge against [plaintiff] to

enhance [defendant's] bargaining power for more product" (internal

quotations omitted)); Composite Co., 988 F. Supp. 2d at 79 (breach

of contract may be actionable under Chapter 93A if "the breach was

undertaken to extract an extra-contractual benefit from

plaintiff").

In cases in which Chapter 93A claims relating to a contract

dispute have been found to have been adequately alleged, courts

have often cited additional damages incurred by the plaintiff or

7

third parties, or additional unfair benefits sought by the defendants, as a basis for finding the necessary "extortionate" conduct. See, e.g., Anthony's Pier Four, 411 Mass. at 475 (defendant used "a pretext to coerce [plaintiff] into paying [defendant] more than the contract required"); Arthur D. Little Inc. v. Dooyang Corp., 147 F.3d 47, 55-56 (1st Cir. 1998)(defendant strung plaintiff along with promises of payment to induce additional uncompensated work from plaintiff); Mass. Employers Inc. Exchange v. Propac-Mass, Inc., 648 N.E.2d 435, 438 (Mass. 1995) (defendants "jeopardized the interest of subscribers in preserving their workers' compensation coverage").

In the instant case, Formulatrix does not allege that Rigaku's purported breach of contract was motivated by a desire to extort some extra-contractual benefit. Nor does Formulatrix allege it suffered any damages beyond those resulting from the breach of contract. In these circumstances, Formulatrix has alleged a mere breach of contract claim, but not a plausible claim for relief under Chapter 93A.

IV.  ORDER

In view of the foregoing, it is hereby ORDERED that:

1.  Rigaku's Motion to Dismiss Counts II and V of the Complaint (Docket No. 7) is ALLOWED.  Counts II and V of Formulatrix's Complaint are, therefore, DISMISSED.

8

2.    This  case  is  REFERRED  to  the  Magistrate  Judge  for
pretrial purposes.


UNITED STATES DISTRICT JUDGE