```
UNITED STATES DISTRICT COURT
   DISTRICT OF MASSACHUSETTS
```

| | |  |
|---|---|---|
| FORMULATRIX, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 15-12725-JGD |
| RIGAKU AUTOMATION, INC. and | ) | |
| RIGAKU AMERICAS HOLDING, INC., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM OF DECISION AND ORDER ON
## PLAINTIFF'S MOTION TO AMEND COMPLAINT

March 7, 2019

DEIN, U.S.M.J.

### I. INTRODUCTION

Plaintiff Formulatrix, Inc. ("Formulatrix") has brought this action against Rigaku Automation, Inc. ("Rigaku") and Rigaku Americas Holding, Inc. ("Rigaku Americas") (together "Rigaku") for breach of contract and other causes of action related to a January 2015 Customer Support Agreement ("CSA") between the parties. This matter is before the court on "Formulatrix Inc.'s Motion to Amend Complaint" (Docket No. 104). By its motion, the plaintiff seeks to amend its Amended Complaint ("First Amended Complaint") to add an additional breach of contract claim for the defendants' alleged failure to remit service contract revenue owed to Formulatrix under the CSA. For the reasons detailed herein, Formulatrix's motion is DENIED.

## II. STATEMENT OF FACTS

### Procedural History

Formulatrix filed its original Complaint on June 22, 2015. (See Docket No. 1). Pursuant to a scheduling order issued by this court, any motions to amend the pleadings were due by July 27, 2016. (See Docket No. 23). On July 27, 2016, Formulatrix sought to amend its Complaint to clarify that it was asserting a breach of contract claim and seeking damages based on Rigaku's alleged breach of its financial representations and warranties in the CSA. (See Docket No. 33). This court allowed the motion in relevant part. (See Docket No. 41). The plaintiff now seeks to amend its First Amended Complaint to add an additional breach of contract claim based on entirely different conduct.

### Factual Background

As of the beginning of 2015, Formulatrix and Rigaku were competitors in the protein crystallization automation products industry. See Formulatrix, Inc. v. Rigaku Automation, Inc., 344 F. Supp. 3d 410, 417 (D. Mass. 2018). Effective January 20, 2015, they entered into a CSA, wherein Rigaku agreed to exit the industry, transfer assets, and license intellectual property to Formulatrix in exchange for a $2 million payment upon execution of the CSA and subsequent additional installment payments. See id. Under the CSA, Formulatrix agreed to provide support services to Rigaku's customers and Rigaku agreed to remit the revenue generated from those services to Formulatrix. See id. at 417, 425.

Upon execution of the contract, Rigaku began transferring records and other data to Formulatrix. Id. at 419. Between January and April 20, 2015, Formulatrix communicated to Rigaku frustration with the pace, organization, accuracy, and completeness of the records it

was receiving from Rigaku. Id. A few months later, Formulatrix filed suit, asserting, inter alia, a breach of contract claim for Rigaku's alleged failure to adhere to the terms of the CSA's record transfer provision. See id. at 420.

When Formulatrix's installment payments later came due, it began transferring the payments into an account that Rigaku did not have access to and furnishing statements to Rigaku. Id. at 421. Rigaku allegedly responded by withholding service contract revenue from Formulatrix. See id. at 425. The parties entered into settlement negotiations, and on December 14, 2016, Formulatrix wired all of the installment payments that had been withheld to Rigaku. Id. at 422. Rigaku did not, however, remit the withheld service contract revenue to Formulatrix. See id. at 425.

On March 9, 2017, both parties moved for partial summary judgment. (See Docket Nos. 66, 70). In its summary judgment motion, Formulatrix argued that it had suffered damages from its breach of contract claim in the form of unpaid service contract revenue that Rigaku had failed to remit, something not previously alleged in the complaint. See Formulatrix, Inc., 344 F. Supp. 3d at 425. This court denied Formulatrix's motion for partial summary judgment and allowed in part and denied in part Rigaku's motion for partial summary judgment. (See Docket No. 100). In its decision, this court explained that the plaintiff's First Amended Complaint had not asserted a breach of contract claim for failure to remit service contract revenue, and that the plaintiff could not assert it as a form of damages stemming from its other breach of contract claims.[1] See Formulatrix, Inc., 344 F. Supp. 3d at 425. Three months after this court

---

[1] This court wrote in relevant part:

> . . . Formulatrix's assertion that Rigaku has improperly withheld $500,000 in unpaid service contract revenue in violation of CSA Art. 1.02(a) is a theory of liability and damages not made in

3

issued its decision on the cross-motions for summary judgment, Formulatrix filed the instant motion, seeking leave to file a Second Amended Complaint that includes a breach of contract claim for Rigaku's failure to remit service contract revenue. (See Docket No. 104). Trial has been scheduled for June 3, 2019.

### III. ANALYSIS

A plaintiff's motion to amend the complaint "will be treated differently depending on its timing and the context in which it is filed." Steir v. Girl Scouts of the USA, 383 F.3d 7, 11-12 (1st Cir. 2004). A plaintiff is permitted to amend a complaint once as a matter of course within 21 days of service of the answer or 21 days of service of a motion under Rule 12(b), (e), or (f), whichever is earlier. See Fed. R. Civ. P. 15(a). Thereafter, a plaintiff may only amend the complaint "with the opposing party's written consent or the court's leave," provided that the court should freely give leave "when justice so requires." Id.; see Steir, 383 F.3d at 12 ("The default rule mandates that leave to amend is to be freely given when justice so requires, unless the amendment would be futile, or reward, inter alia, undue or intended delay." (quotations and citations omitted)).

Where, as here, a scheduling order is in place setting the deadline to amend the pleadings, a plaintiff seeking to amend the complaint after the deadline must show good cause.

---

the pleadings. As such it will not be considered by this court as a basis for damages related to Formulatrix's breach of contract claim. See Estrada v. Progressive Direct Ins. Co., 53 F. Supp. 3d 484, 497 (D. Mass. 2014) (holding that plaintiffs could not introduce an entirely new theory of liability in their summary judgment papers and that by doing so they were "impermissibly seek[ing] to amend [their] complaint without ever filing a motion for leave to amend pursuant to Fed. R. Civ. P. 15." (citation omitted)).

Formulatrix, Inc., 344 F. Supp. 3d at 425.

Id. The good cause standard "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." Id. (footnote omitted). Further, where the parties have already moved for summary judgment, the plaintiff must also show "'substantial and convincing evidence' to justify a belated attempt to amend a complaint." Id. (quoting Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994)). Ultimately, the longer a plaintiff delays in seeking leave to amend, the more likely the motion is to be denied. Id.

In the instant case, Formulatrix contends that it has met the good cause standard because the conduct that forms the basis of its belated claim – Rigaku's alleged failure to remit service contract revenue after Formulatrix released the installment payments – had not fully transpired until December 2016. Formulatrix also insists that this conduct is so closely intertwined with the issues in dispute that, as a matter of judicial economy, the new breach of contract claim should be tried alongside the existing ones.

Neither of these explanations adequately address why Formulatrix's motion to amend comes well over two years after the deadline to amend, or how Formulatrix has acted diligently in bringing this motion now. Formulatrix could have, but failed to, move to amend the complaint within the scheduling order deadline once it first learned that Rigaku was refusing to remit the service contract revenue. Indeed, when Rigaku learned that Formulatrix was withholding installment payments, Rigaku brought a breach of contract counterclaim on that basis. Although Formulatrix asserts that it was operating under the assumption that Rigaku would remit the service contract revenue once Formulatrix tendered the installment payments, Formulatrix has failed to explain why it did not move to amend the complaint once it was clear, in December 2016, that this was not the case. See O'Connell v. Hyatt Hotels of P.R., 357 F.3d

5

152, 155 (1st Cir. 2004) and cases cited (affirming district court's refusal to find good cause where plaintiff was aware of the claim long before moving to amend the complaint). Formulatrix has not established good cause for its delay.

Additionally, while Formulatrix assures the court that no further discovery would be necessary on this additional claim, at a hearing held before this court on February 28, 2019, Rigaku indicated that if the motion is allowed Rigaku will likely wish to conduct discovery on the adequacy of Formulatrix's service contract support. See Steir, 383 F.3d at 12 (explaining that motions to amend are disfavored when their "timing prejudices the opposing party by requiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy . . . ." (quotations and citations omitted)). Thus, Formulatrix's claim to the withheld service contract revenues is not undisputed, and does not simply involve a mathematical calculation. In light of the years long delay in bringing this motion, the plaintiff's inadequate explanation for failing to do so earlier, and the potential need to reopen discovery on the new claim, Formulatrix has failed to establish good cause or provide substantial and convincing evidence to justify amending the complaint.

## IV. CONCLUSION

For all the reasons detailed above, "Formulatrix Inc.'s Motion to Amend Complaint" (Docket No. 104) is DENIED.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge